REQUESTED BY: Senator Tom Vickers Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator:
This is in response to your letter of April 7, 1981, in which you request our opinion as to whether the language of Neb.Rev.Stat. § 70-624.02 (Supp. 1980), referring to expense reimbursement of members of public power district boards of directors, includes the expenses of their spouses. In addition you ask whether the language in LB 181, which would amend this section to specifically prohibit payment of expenses incurred by members' spouses is `necessary' or proper.
Neb.Rev.Stat. § 70-624.02 (Supp. 1980) provides simply that:
`The members of the board of directors shall be paid their actual expenses, while engaged in the business of the district under the authority of the board of directors, and, for their services, such compensation as shall be fixed by the board of directors.' LB 181 would amend this section by adding the language: `Actual expenses shall not include traveling or other expenses incurred by the spouse of a member of the board of directors. Such expenses incurred by the spouse which are paid by the board shall be considered compensation paid to the member for purposes of this section.'
The statute provides that the expenses of the members of the board of directors shall be reimbursed. The spouses of these individuals are certainly not members of the board of directors. There is no specific legislative indication in the statute that the expenses of the spouses are to be reimbursed as well. Such an interpretation certainly seems to be beyond any commonly accepted practice for reimbursement of governmental and public employee expenses. With no express authority for payment of the expenses of members' spouses, this certainly would not be an appropriate interpretation of the existing language.
According to our interpretation of the existing language of the statute, the amendment contained in LB 181 does not appear to be entirely necessary. This does not mean, however, that it is improper or in any way contrary to the existing statutory language. It merely seems to be an express clarification of legislative intention in regard to the expenses of spouses of the members of the board of directors, which would remove any doubt that anyone might have as to the proper interpretation of the existing statutory provisions.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General